UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ONDRA WHITMYER,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND FINDING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE<br><br>Case No. 2:26-cv-00290-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant's Motion to Set Aside Default and Plaintiff's alternative Motion for Extension of Time to Prefect Service. For the reasons stated below, Defendant's Motion is granted and the previously entered default is set aside. Because Defendant has agreed to waive service, Plaintiff's Motion is moot.

## I. BACKGROUND

Plaintiff filed this action on April 8, 2026. Plaintiff is proceeding pro se and in forma pauperis ("IFP"). Because of her IFP status, it was the Court's responsibility to serve process.[1] To that end, the Court ordered the United States Marshal Service ("USMS") to serve Defendant.[2] The USMS did so on June 9, 2026.[3] After Defendant failed to timely respond, the Clerk of Court

[1] 28 U.S.C. § 1915(d).

[2] Docket No. 8.

[3] Docket No. 13.

entered a default certificate.[4] Soon thereafter, Defendant filed its Motion to Set Aside Default. In response, Plaintiff filed her alternative Motion in the event the Court found that service was deficient.

## II. DISCUSSION

"The court may set aside an entry of default for good cause."[5] "The good cause standard is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[6] "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[7]

As to the first factor, "[g]enerally a defendant's conduct will be considered culpable [only] if [the party] defaulted willfully or has no excuse for the default."[8] Here, Defendant argues that it was never properly served. Though the return of service provided by the USMS indicates that a legal assistant was served, Defendant contends that she was not authorized to accept service on its behalf. Plaintiff does not refute this, only arguing that she was entitled to rely on the USMS to effect service. While this is true, it does not address whether Defendant had actual

---

[4] Docket No. 19.

[5] Fed. R. Civ. P. 55(c).

[6] *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948-LTB-MEH, 2007 WL 2071633, at *1 (D. Colo. July 16, 2007) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[7] *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

[8] *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995) (unpublished table decision).

notice of her Complaint. Based on Defendant's representations, Defendant's failure to timely respond was not willful.[9]

Next, Plaintiff points to no prejudice if the default is set aside. This case is in its early stages. No scheduling order has been put in place and no discovery has been conducted. Under these circumstances, the Court cannot find that Plaintiff would be prejudiced if the default is set aside. Finally, Defendant has potentially meritorious defenses it seeks to pursue. While Plaintiff disputes the merits of those defenses, resolution on the merits is strongly preferred. Therefore, these factors weigh in favor of setting aside the default.

Plaintiff moves, in the alternative, to extend the time to allow her to perfect service. That extension is unnecessary because Defendant has agreed to waive service. Therefore, Plaintiff's Motion is moot and the Court deems service complete.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Set Aside Default (Docket No. 21) is GRANTED. It is further

ORDERED that Plaintiff's alternative Motion for Extension of Time to Perfect Service (Docket No. 24) is MOOT.

Defndant's responsive pleading is due within thirty (30) days of this Order.

---

[9] *See Pinson*, 316 F. App'x at 750 (finding no willfulness where the "complaint was served on individuals who were not authorized to accept service").

DATED this 13th day of November, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge